**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 17-3(9) (DWF/HB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Karina Romero Pacheco, | |
| Defendant. | |

Keala C. Ede, Office of the Federal Defender, counsel for Defendant Karina Romero Pacheco.

Katharine T. Buzicky, United States Attorney's Office, counsel for the United States.

## INTRODUCTION

This matter is before the Court on Defendant Karina Romero Pacheco's Motion for Reduction of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 456.)  For the reasons discussed below, the Court grants Pacheco's motion.

## BACKGROUND

This case involved a drug trafficking organization that ultimately led to police seizure of over 12 kilograms of methamphetamine, 600 grams of cocaine, 30 firearms, and $50,000 in U.S. currency.  (Doc. No. 380 at 8.)  Pacheco was in a relationship with the organization's leader, Marco Avila.  (*Id.*)  The organization trafficked methamphetamine from Omaha, Nebraska to Rochester, Minnesota.  (*Id.*)  Avila was arrested and convicted in South Dakota but continued to lead to the organization from

prison in with the assistance of Pacheco, who served as Avila's "point of contact for logistical purposes" but did not have "supervisory or decision-making authority." (*Id.*) Pacheco rented storage units in Rochester, Minnesota to maintain the organization's assets, including methamphetamine, methamphetamine cutting agents, firearms, ammunition, and a vehicle. (*Id.*) A search warrant executed at Pacheco's apartment in January 2017, located approximately 5,560 grams of methamphetamine, 271 grams of cocaine, and $2,728 in U.S. currency. (*Id.* at 12.) A search of Pacheco's storage units located approximately 810 grams of methamphetamine, eight firearms, and a tub of methamphetamine cutting agent. (*Id.*) Pacheco pled guilty on June 16, 2017 to conspiracy to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), 846. (Doc. Nos. 255, 258; *see* Doc. No. 111.)

On April 20, 2018, Pacheco was sentenced to 90 months' imprisonment and a term of 5 years' supervised release. (Doc. Nos. 423, 422.) Pacheco was permitted until June 22, 2018 to self surrender. (Doc. No. 423 at 2.) Pacheco had been released on bond during the pendency of proceedings. (Doc. Nos. 141, 142, 147, 155, 156.) When Pacheco moved to modify the conditions of her house arrest to allow more flexibility in caring for her children, the Government did not oppose. (Doc. Nos. 251, 252, 253, 256.)

Pacheco is currently incarcerated at FCI Victorville Medium II in Victorville, California. Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc/* (last visited Dec. 9, 2020). Pacheco has an expected release date of September 11, 2024. *Id.* When Pacheco filed her motion on November 16, 2020, FCI Victorville Medium II had 1 COVID-19 positive inmate, 3 positive staff, 76 inmates recovered from

COVID-19, and 25 staff recovered. (Doc. No. 456 at 10.) When the Government responded two weeks later on November 30, 2020, FCI Victorville Medium II was at 6 inmate and 7 staff positive COVID-19 cases, with 79 inmate and 25 staff recoveries. (Doc. No. 462 at 9.) The numbers exploded by the time of Pacheco's reply on December 8, 2020: 156 inmates and 10 staff with positive COVID-19 results; 82 inmates recovered and 25 staff recovered. (Doc. No. 466 at 7.) Just one day later, on December 9, 2020, FCI Victorville Medium II is at 194 COVID-19-positive inmates and 10 COVID-19-positive staff. Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited Dec. 9, 2020). BOP statistics state that FCI Victorville Medium II has tested 803 inmates for COVID-19 to date, with 199 of those inmates testing positive and 25 test results remain outstanding. *Id.*

Pacheco moves for compassionate release on the grounds that she is obese, has a history of smoking, and mental health ailments impair her immune system. The Government agrees that Pacheco's obesity and history of smoking constitutes a medical concern, but argues Pacheco does not qualify for compassionate release because she poses a danger to the safety of the community. The U.S. Probation Office for this District and the Northern District of California investigated and approved Pacheco's proposed living arrangement should she be released. (Doc. No. 444.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" include (1) medical conditions which diminish

the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.  U.S.S.G. § 1B1.13, cmt. n.1(a)(ii).  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable."  18 U.S.C. § 3582(c)(1)(A).

Pacheco is young, only 30 years old, but is obese with a BMI of approximately 35 and has a history of smoking.  The Government agrees these conditions present a serious medical condition that substantially diminishes Pacheco's ability for self-care in the prison context during the COVID-19 pandemic.  The Court agrees and concludes that Pacheco's obesity and smoking-induced lung damage place her at risk for severe illness from the COVID-19 virus should she contract it.  Pacheco's combination of ailments is a serious medical condition in light of the COVID-19 pandemic that constitutes an extraordinary and compelling reason meriting a reduction in sentence.

The Court must next consider whether the general sentencing factors in § 3553(a) likewise warrant a reduction in sentence.  Pacheco was convicted as part of a conspiracy involving serious crimes by a drug trafficking organization that was increasingly gearing up for armed conflict with other drug trafficking organizations.  (Doc. No. 380 at 9, 11-12.)  Despite the seriousness of the offense, Pacheco had no prior convictions or involvement with the criminal justice system.  As discussed above, Pacheco proved during the nearly 15 months she was on conditional release and awaiting self-surrender that she was not a danger to the community and is amenable to supervision.  Indeed, her

initial conditions were relaxed from home confinement to electronic monitoring. Pacheco's demonstrated amenability to supervision while on release must be contrasted with the danger posed by the skyrocketing rate of COVID-19 infection at FCI Victorville Medium II, which went from 1 infected inmate to 194 infected inmates during the short briefing schedule on this motion. The rapid expansion of COVID-19 infections at FCI Victorville Medium II is extreme cause for concern alone, but this reality paired with Pacheco's risk factors lead the Court to the conclusion that compassionate release is just and proper. While the Court is cognizant of the fact that Pacheco received a downward departure and has only served approximately 35% of her sentence, the Court can allay these concerns by converting the remainder of Pacheco's term of imprisonment into a term of supervised release. 18 U.S.C. § 3582(c)(1)(A) (the Court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment"). Accordingly, the Court concludes that the § 3553(a) factors warrant a conversion of Pacheco's remaining term of imprisonment into a term of supervised release.

## CONCLUSION

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Karina Romero Pacheco's Motion for Reduction of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. No. [456]) is **GRANTED**. The remainder of Defendant Karina Romero Pacheco's 90-month term of imprisonment is converted into a term of supervised release pursuant to 18 U.S.C. § 3582(c)(1)(A). The

converted term of supervised release shall be served under the same terms and conditions of the original term of supervised release as set forth in the Judgment.  (Doc. No. 423.)

2. After the conclusion of Pacheco's converted term of supervised release in the preceding paragraph, Pacheco shall serve the full term of supervised release and its terms and conditions as set forth in the Judgment (Doc. No. 423).

3. The Court directs the Bureau of Prisons to immediately commence the process of releasing Pacheco from custody.  To ensure Pacheco's health and safety upon release, the Court authorizes Pacheco's release from BOP custody as soon as the release plan is implemented, travel arrangements can be made, and any applicable quarantine period required in light of the COVID-19 pandemic has been completed.  The Court leaves it to the discretion of the Bureau of Prisons and the United States Probation Office to determine whether any quarantine is served in Bureau of Prisons custody, a Residential Reentry Center, or in the community.

4. The Court's decision assumes and will require Karina Romero Pacheco to be fully compliant with each and every condition of supervised release.  Any violations of Pacheco's conditions will obligate this Court to return her to prison.

Dated:  December 10, 2020            s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge